**Order entered June 20, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00391-CR

**LAWRENCE RAY WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-55733-U**

## ORDER

The trial court's certification reflects that this case involves a plea bargain and appellant has no right to appeal. Although the trial court's judgment reflects a plea bargain for fifteen years' imprisonment, the section of the plea agreement form contained in the clerk's record is blank regarding the terms of any plea bargain. Moreover, the reporter's record has not been filed, so the Court cannot verify the accuracy of the trial court's certification.

Accordingly, we **ORDER** the trial court to make findings regarding why the reporter's record has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine the following:

- Whether appellant pleaded guilty or nolo contendere and was sentenced in accordance with a plea bargain agreement. If the trial court determines that appellant pleaded guilty in accordance with a plea bargain, it shall make a finding to that effect.

- If the trial court determines appellant did not plead guilty pursuant to a plea bargain agreement, the trial court shall prepare an amended rule 25.2(d) certification that accurately reflects the trial court proceedings.

- The trial court shall next determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute this appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/    CAROLYN WRIGHT
CHIEF JUSTICE